UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                            :
**ENDO SURGICAL CENTER,**                  :
                                                            :
       **Plaintiff**                            :
                                                            :
       v.                                         :      Civil Action No. 10-2732(KSH)
                                                            :
**NORTHERN NEW JERSEY**                  :
                                                            :
                                                            :      **SCHEDULING ORDER**
       **Defendant**                          :
_____:

This matter having come before the Court on its review of the docket; and it appearing that a conference under Fed. R. Civ. P. 16 should be convened;

    IT IS THEREFORE ON THIS 30th day of June,  2010,

    **ORDERED THAT:**

    (1)    A scheduling conference shall be conducted before the Undersigned on **August 18, 2010 at 10:00 a.m.** in Chambers 477, U.S. Post Office & Courthouse Bldg., 2 Federal Square, Newark, N.J.  See Local Civil Rule 16.1(a)(1);

    (2)    At the conference, all parties who are not appearing pro se must be represented by counsel who is fully familiar with the case and has full authority to bind their clients in all pretrial matters.  Because the Court will likely discuss the facts, claims, defenses, settlement and an individualized schedule for pretrial proceedings, counsel with knowledge of these topics and who have authority to bind the client and has settlement authority are required to appear at the conference.  Clients or persons with authority over the matter shall be available by telephone.  Local Civil Rule 16.1(a)(3);

    (3)    Early disclosure requirements of Fed. R. Civ. P. 26 will be enforced.  Therefore, the parties shall immediately exchange the information described in Fed. R. Civ. P. 26(a)(1)(A)-(D) without awaiting a

discovery request;

(4) At least fourteen (14) days before the conference scheduled herein, the parties shall confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the Undersigned not later than 72 hours before the conference with the Court.  THE DISCOVERY PLAN SHALL BE IN THE FORM OF THE ATTACHED AND SHALL BE SUBMITTED JOINTLY;

(5) The parties are directed to Local Civil Rule 26.1(d), which addresses "discovery of digital information including computer-based information," describes the obligations of counsel with regard to their clients' information management systems, and directs parties to "confer and attempt to agree on computer-based and other digital discovery matters.";

(6) No formal discovery demands may issue before the conference with the Court.  Unless the parties stipulate otherwise or leave of Court is obtained, the case management order will limit the number of interrogatories, including subparts, to 25 and depositions that each party may seek to 10.  See Fed. R. Civ. P. 26(b), 26(d);

(7) At the conference, the Court will address scheduling of all motions.  No motions may be filed without prior leave of the Court.  If any motions have already been filed, the parties shall immediately advise the Court in writing regarding the nature of the motions and the present status of same;

(8) Plaintiff(s) shall notify any party who hereafter enters an appearance of the conference scheduled herein and forward to that party a copy of this Order;

(9) The Court has implemented an electronic case filing system for all documents filed with the Clerk of Court.  Electronic case filing is mandatory for all cases except those involving a pro se litigant.

(10) To register as an electronic filer, obtain on-line training, and see policies and procedures, contact the Clerk's Office or visit the website at pacer.njd.uscourts.gov.  On-site training is also available and can be arranged by contacting 973-645-4439.  Orders are electronically filed and paper copies will be provided to pro se litigants only.  Registered counsel will be notified via email

when an order is filed but are responsible for retrieving and reviewing the Order itself;

    (11)    The parties shall advise the Undersigned immediately if this action has been settled or terminated so that the above conference may be cancelled;

    (12)    Absent permission from Chambers, communications to the Court by facsimile is not permitted;

    (13)    All communications to the Court shall be in writing or by telephone conference.

    (14)    Failure to comply with the terms hereof may result in the imposition of sanctions;

    s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | Civil Action No. |
| Plaintiff(s), | : |  |
| v. | : |  |
|  | : |  |
| Defendant(s). | : | JOINT DISCOVERY PLAN |

1. For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

   _____
   _____
   _____
   _____
   _____
   _____
   _____

2. (a) Set forth a brief description of the case, including the facts, causes of action and affirmative defenses asserted.

   _____
   _____
   _____
   _____

   (b) Is this a fee-shifting case?

   Yes _____   No _____

   If so, set forth legal authority.

   _____
   _____

3. Has this action been: Settled_____ Discontinued_____

If so, has there been a Stipulation/Dismissal filed?

Yes \_\_\_\_\_   No \_\_\_\_\_

4. Have settlement discussions taken place?  Yes \_\_\_\_\_ No \_\_\_\_\_

   If so, when?_____
   (a) What was plaintiff's last demand?

       (1) Monetary demand: $_____
       (2) Non-monetary demand: _____
   (b) What was defendant's last offer?

       (1) Monetary offer: $_____
       (2) Non-monetary offer:_____

5. Core discovery needed to be able to discuss settlement in a meaningful way:

6. The parties [have \_\_\_\_\_ -have not \_\_\_\_\_] exchanged the information required by Fed. R.Civ. P. 26(a)(1). If not, state the reason.

7. Explain any problems in connection with completing the disclosures required by Fed. R.Civ. P. 26(a)(1).

8. The parties [have \_\_\_\_\_ -have not \_\_\_\_\_] conducted discovery other than the above disclosures. If so, describe.

9. The parties [have \_\_\_\_\_ -have not \_\_\_\_\_] met pursuant to Fed. R. Civ. P. 26(f).

   (a) If not, state the reason therefor.

_____
_____

(b) If so, state the date of the meeting and the persons in attendance.

_____
_____
_____

(c) If this is not a joint plan, set forth the reason.

_____
_____

10. (a) Discovery is needed on the following subjects:

_____
_____
_____

(b) Discovery [should _____ -should not _____] be conducted in phases or be limited to particular issues. If phased discovery is proposed, set forth the reason.

_____
_____

(c) Maximum of _____ interrogatories by each party to each other party.

(d) Maximum of _____ depositions to be taken by each party.

(e) Fact discovery to be completed by _____.

(f) Motions to amend or to add parties to be filed by _____.

(g) Plaintiff's expert report (if needed) due on _____.

(h) Defendant's expert report (if needed) due on _____.

(i) Expert depositions to be completed by _____. (If there is a need for a liability expert and it is necessary to defer the completion of expert discovery beyond this deadline, set forth the reason.)

(j) Dispositive motions to be served within _____ days of completion of discovery.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or discovery confidentiality orders: _____
_____.

(l) The settlement pretrial conference may take place on _____.

(m) The final conference may take place on _____.

11. Do you anticipate any discovery issues, challenges or problems? Yes ____ No ____

If so, explain.

_____
_____
_____
_____

12. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; foreign evidence collection; problems with out-of-state witnesses or documents, etc.)?  Yes _____  No _____

    If so, explain.

    _____
    _____
    _____
    _____
    _____

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure.  If not presently appropriate, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    _____
    _____
    _____

14. Is this trial appropriate for bifurcation?  Yes ____  No ____

15. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.


    _____         _____
    Attorneys for Plaintiff(s)                     Date


    _____         _____
    Attorneys for Defendant(s)                     Date

ALTERNATIVE DISPUTE RESOLUTION
IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ( "ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1.  The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Madeline Cox Arleo) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation.  This may be done without the consent of the parties.  However, the Court encourages parties to confer among themselves and consent to mediation.  Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time.  However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial.  Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator.  If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental.  The role of the mediator is to assist the parties in reaching a resolution of their dispute.  The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent.  The first three hours of a mediator's time is free.  The mediator's hourly rate thereafter is $300.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site **www.njd.uscourts.gov** and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

**Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for mediation.**